United States District Court
Southern District of Texas
**ENTERED**
July 14, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**LAREDO DIVISION**

| | | |
|---|---|---|
| **SERGIO TELLEZ RIVERA,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. 5:26-CV-01100** |
| | § | |
| **WARDEN D.C. COLEN, *et al.*,** | § | |
| | § | |
| **Respondents.** | § | |

# ORDER

Pending before the Court is a Sergio Tellez Rivera's *pro se* Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, (Dkt. 1), challenging the lawfulness of his detention by Immigration and Customs Enforcement (ICE) officials with the Department of Homeland Security (DHS).

The Court ordered Respondents to respond to the habeas petition on or before June 23, 2026. (Dkt. 5.) Respondents notified the Court that Petitioner was granted pre-conclusion voluntary departure under Immigration and Nationality Act (INA) § 240B(a), in lieu of removal, under safeguards, and was ordered to depart by June 30, 2026. (Dkt. 9.) Thereafter, Respondents filed a Motion for Summary Judgment. (Dkt. 10.) In light of this information, the Court ordered Respondents to file a status update on whether Petitioner has departed the United States and no longer remains in custody by July 10, 2026. (Dkt. 12.) Respondents filed a timely advisory confirming that Petitioner departed the United States on July 3, 2026. (Dkt. 13.)

"A case becomes moot only when it is impossible for a court to grant 'any effectual relief whatever' to the prevailing party." *Knox v. Serv. Emps. Int'l Union, Local 1000*, 567 U.S. 298,

307 (2012) (quoting *City of Erie v. Pap's A.M.*, 529 U.S. 277, 287 (2000)) (citation modified). In the immigration context, release from custody may render a habeas petition moot. *See Rocha v. Mayorkas*, 579 F. Supp. 3d 923, 929 (S.D. Tex. 2022); *Lemons v. Swann*, 412 F. App'x 672, 673 (5th Cir. 2011) ("In the context of habeas petitions . . . this court has dismissed a petitioner's appeal as moot upon the petitioner's release from custody"). However, there are exceptions to mootness when the noncitizen can show that they would suffer collateral consequences because of the challenged detention or when there is a possibility for the challenged detention to recur in the future. *See, e.g., Umanzor v. Lambert*, 782 F.2d 1299, 1301 (5th Cir. 1986); *Rosales-Garcia v. Holland*, 322 F.3d 386, 395–97 (6th Cir. 2003).

Here, Petitioner was released from custody to depart the United States on July 3, 2026. (Dkt. 13 at 1.) Petitioner challenged his continued detention as unreasonable and in violation of constitutional limits. (Dkt. 1 at 6.) He requested that the Court order Respondents to immediately release him. (*Id.* at 7.) Because Petitioner has now been released from confinement in DHS custody and raises no additional claims, the Petition for Writ of Habeas Corpus is moot because there is no relief to be effectuated by the Court. If future detention does occur, Petitioner may file another habeas corpus petition at that time.

Accordingly, Petitioner's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, (Dkt. 1), is **DISMISSED AS MOOT**. Respondents' Response to the Petition for Writ of Habeas Corpus and Motion for Summary Judgment, (Dkt. 10), is **DISMISSED AS MOOT**. It is **ORDERED** that this case is **DISMISSED WITHOUT PREJUDICE** and that all pending motions are terminated.

IT IS SO ORDERED.

SIGNED this July 14, 2026.

Diana Saldaña
United States District Judge